will be determined by a jury in a criminal proceeding." The opinion in Fread's Case has been consistently followed, the last opinion being Alexander v. State (Tex.Cr. App.) 94 S.W.(2d) 175. See, also, Banks v. State, 114 Tex.Cr.R. 219, 21 S.W.(2d) 517, and Belote v. State, 123 Tex.Cr.R. 468, 59 S.W.(2d) 161; Ballinger v. State, 110 Tex.Cr.R. 148, 8 S.W.(2d) 159; Knox v. State, 113 Tex.Cr.R. 373, 22 S.W.(2d) 932.

 Since the opinions referred to, there has been no change in the law regarding the right of appellant desiring to appeal his case from having a statement of facts upon making an affidavit in compliance with the statute. As we understand it, the matter does not now rest in the discretion of the judge to refuse a statement of facts when the affidavit complies with the statute. If appellant made a false affidavit, he may be proceeded against as suggested in Ex parte Fread, supra. We feel constrained under our previous holdings to order a reversal of the judgment because appellant has been denied a statement of facts, and it is so ordered.

### SCROGUM v. STATE.
No. 18804.

Court of Criminal Appeals of Texas.
Feb. 17, 1937.

Rollie Fancher, of Seymour, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for theft of cattle, punishment being two years in the penitentiary.

The indictment charges the offense. The record is here without statement of facts or bills of exception. In such condition, nothing is presented for review.

The judgment is affirmed.